UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JOHN FLOYD CAREY, Sr., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 5: 18-01-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate John Floyd Carey, Sr. has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct an initial screening of Carey's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2007, Carey was sentenced to 183 months imprisonment for arson, use of fire to commit a felony, and wire fraud. *United States v. Carey*, No. 05-CR-230 (M.D. Pa. 2007). On direct appeal, Carey complained that the trial court should not have allowed the prosecution to refer to the report of a non-testifying expert witness for the prosecution when cross-examining his own expert witnesses who had relied upon the report. The Third Circuit rejected that argument, concluding that the evidence was properly admitted as a foundation for his experts' own opinion testimony. *United States v. Carey*, 337 F. App'x 256 (3d Cir. 2009).

In his petition Carey presents a slight variation of the same argument, contending that permitting the questions violated his rights under the Confrontation Clause. [R. 1 at 4]

However, Carey may not assert his claim in a § 2241 petition. To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

28 U.S.C. § 2255(e) provides a narrow exception for this rule if, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012); *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

But Carey asserts a constitutional claim, and hence does not fit within this narrow exception. Cf. *Todd v. Holland*, No. 10-CV-53-HRW (E.D. Ky. 2010) (holding that claim under Confrontation Clause is not cognizable in a § 2241 petition), *aff'd*, No. 11-5052 (6th Cir. 2011); *Streater v. Keller*, No. 1: 12-CV-3007-WSD, 2013

WL 4482510, at *2 (N.D. Ga. 2013) (same); *Ekanem v. United States*, No. 3: 07-CV-346-L, 2007 WL 942089, at *2 (N.D. Tex. Feb. 26, 2007) (same); *Saint v. Stine*, No. 6: 05-CV-531-DCR, 2006 WL 197058, at *2 (E.D. Ky. 2006) (same).

Accordingly, **IT IS ORDERED** as follows:

1. John Floyd Carey, Sr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court shall enter a Judgment contemporaneously with this Memorandum Opinion and Order.

This 7th day of February, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge